UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAME TIME VIP, LLC,

      Plaintiff,                               Case No.
                                                           Hon.
vs.                                                      Magistrate Judge:

HUB INTERNATIONAL MIDWEST LIMITED,

      Defendant.

_____/

HOWARD E. GURWIN (P25179)
Howard E. Gurwin, P.C.
Attorney for Plaintiff
30300 Northwestern Highway, Ste. 302
Farmington Hills, MI 48334
(248) 352-2727
hgurwin@howardgurwin.com

JAMES J. KELLY (P72111)
Jim Kelly Law, PC
Attorney for Plaintiff
30300 Northwestern Highway, Ste. 324
Farmington Hills, MI 48334
(248) 449-4444
jim@jimkellylaw.com
_____/

# COMPLAINT

Now comes Plaintiff GAME TIME VIP, LLC, by and through its attorneys, Howard E. Gurwin, P.C., and Jim Kelly Law, PC, and states the following in support of its Complaint.

## Parties, Jurisdiction, and Venue

1. Plaintiff, Game Time VIP, LLC, is a limited liability company

1

organized under the laws of the State of Michigan and conducting business as a retail establishment at 13645 and 13655 Northline Road in the City of Southgate, County of Wayne, State of Michigan, which is situated in the Eastern District of Michigan. The sole member of Plaintiff Game Time VIP, LLC is Ali Berry, a resident of the City of Dearborn in Wayne County, Michigan, which is his domicile as this is his current home and where he intends to keep his home indefinitely. Plaintiff has no other members and no sub-members. No other persons or entities hold any interest in Plaintiff. Plaintiff is a citizen of Michigan.

2. Defendant, HUB INTERNATIONAL MIDWEST LIMITED, is a corporation incorporated under the laws of the State of Indiana and maintains registered offices and a principal place of business in the State of Illinois. Defendant conducts business as an independent insurance agent and holds itself out as a commercial risk advisor. Defendant is a citizen of Indiana or Illinois, not Michigan.

3. Pursuant to 28 U.S.C. §1332, this Court has original jurisdiction over the claims asserted in Counts I – III of this civil action in that they involve a controversy between citizens of different States and the amount in controversy exceeds $75,000.00.

4. Venue is proper and appropriate in this District under 28 U.S.C. §1391 because Defendant conducts business in this District, because the action concerns breaches of contracts formed under and subject to the laws of the State of Michigan in this District, and because the property that is the subject of this civil action is

situated in this District.

## Common Allegations

5. Plaintiff incorporates the preceding paragraphs.

6. Plaintiff is in the business of operating a store selling various types of video games and other types of playable games, many of which are classics and not available for sale in similar venues.

7. On or about January 23, 2024, Plaintiff contacted the Defendant for quotes and advice on purchasing a commercial insurance policy.

8. Due to the COVID-19 epidemic and attendant state of emergency, Plaintiff's business had been closed for the years 2020 through 2022.

9. In 2023 Plaintiff slowly resumed its business and began to put content back into its store.

10. In seeking a quote for a commercial insurance policy, Plaintiff's president Ali Berry explained to Defendant's representative, Jeffrey Grooms, that all contents would be returned to the store likely by the end of March 2024.

11. Mr. Berry asked Mr. Grooms to quote and advise as to policy coverage for the contents in the store in the amount of $1,000,000.00.

12. A policy with the Westfield insurance Company was issued with contents coverage of $500,000.00 through Defendant's efforts.

13. Mr. Berry explained to Mr. Grooms that once the entire contents had been returned to the store, the Plaintiff would request an increase in the product

3

coverage to $1,000,000.00.

14. Mr. Grooms advised Mr. Berry that the coverage could be increased to $1,000,000.00 upon request.

15. The remaining contents were brought back into Plaintiff's store during the first week of April 2024.

16. That on April 19, 2024, Sue St. Amour, acting on behalf of Plaintiff, called the Defendant and left a message for Defendant's employee, Karley Williams, that the Plaintiff wanted to increase its contents coverage to $1,000,000.00.

17. Ms. Williams returned Ms. St. Amour's call on April 19, 2024 at 2:54 p.m. and informed Ms. St. Amour that Plaintiff already had coverage for contents in the amount of $1,000,000.00.

18. On July 19, 2024 a fire occurred at Plaintiff's store in Southgate, Michigan, which destroyed more than $1,000,000.00 of contents and caused other loss and damage.

19. Plaintiff gave timely notice to Westfield and substantially complied with all the requirements of said Policy of insurance and applicable Michigan law, in making its claim for insurance proceeds, resulting from said loss.

20. On August 13, 2024, Mr. Berry and Ms. St. Amour met with the adjuster from Westfield insurance and were informed that Plaintiff only had $500,000.00 worth of contents coverage.

21. On August 21, 2024, Mr. Berry contacted Kaley Williams, at which

time, after questioning by Mr. Berry, she informed Mr. Berry, that in talking with Sue St. Amour, she could have made a mistake or misinformed her about the amount of contents coverage.

## Count I - Negligence

22. Plaintiff incorporates the preceding paragraphs.

23. Defendant is an independent insurance agent.

24. A special relationship existed between Plaintiff and Defendant, including, but not necessarily exclusively, by virtue of one or more of the following:

    a. Defendant misrepresented the nature or extent of the coverage offered or provided;

    b. Plaintiff made an ambiguous request that required clarification;

    c. Plaintiff made an inquiry of Defendant that required advice; and Defendant gave inaccurate advice; or

    d. Defendant assumed an additional duty or duties by promise to, or agreement with, Plaintiff.

25. As an insurance agent, Defendant owed duties to Plaintiff to procure Plaintiff the insurance requested and, pursuant to a special relationship, to provide Plaintiff with the proper information and advice as to the amount of coverage which it had for its business contents, and to otherwise use reasonable care in the handling of Plaintiff's insurance matters.

26. Defendant breached that duty by failing to procure the insurance requested, which included $1,000,000.000 in contents coverage, by failing to

provide the proper advice as to the extent of Plaintiff's coverage for its business contents, and by committing other acts, errors, and omissions which may become known through the course of discovery.

27. Plaintiff had the right to rely on the representations made by Defendant as to the extent of its coverage for its business contents.

28. As a direct and proximate result of the breach of Defendant's duty to provide accurate information as to the extent of Plaintiff's coverage for its business contents, Plaintiff was damaged in the amount of at least $500,000.00.

29. Plaintiff suffered other losses that were reasonably foreseeable and which were the natural consequence of Defendant's wrongful acts, errors, or omissions, including but not limited to loss of income to one or more Plaintiff.

Wherefore, Plaintiff, Game Time VIP LLC prays that this Honorable Court issue a judgment in its favor and against the Defendant in an amount in excess of $500,000.00 as this Court deems to be reasonable and proper together with costs and interest and attorney fees wrongfully sustained.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Howard E. Gurwin | /s/ James J. Kelly |
| Howard E. Gurwin (P25179) | James J. Kelly (P72111) |
| HOWARD E. GURWIN, P.C. | JIM KELLY LAW, PC |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| 30300 Northwestern Hwy, Ste 302 | 30300 Northwestern Hwy, Ste 324 |
| Farmington Hills, MI 48334 | Farmington Hills, MI 48334 |
| (O) (248) 352-2727 | (O) (248) 449-44444 |

Dated: October 21, 2025                                      Dated: October 21, 2025